# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>    Plaintiffs-Appellees,<br><br>*v.*<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*,<br><br>    Defendants - Appellants. | No. 25-2131 |

### APPELLANTS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE DOCKETING STATEMENT

The Appellants[1] respectfully move this Court to enter an order extending the due date for its docketing statement form by an additional 30 days, to **Wednesday, January 14, 2026.** In support of this motion, the Appellants state the following:

1. This is the Appellants' appeal from the district court's (Smith, J.) final judgment for the Plaintiffs.

2. The Appellants' docketing statement and transcript report/order form are currently due on Monday, December 15, 2025.

3. This is the Appellants' first request for an extension of time.

4. Only the Solicitor General of the United States may decide whether, and to what extent, an appeal may be taken. *See* 28 C.F.R. § 0.20(b) (2012) (providing that the Solicitor General must decide whether, and to what extent, an

---

[1] The Appellants are: the Federal Emergency Management Agency; United States Department of Homeland Security; United States Coast Guard; David Richardson, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Kevin Lunday, in his official capacity as Acting Commandant of the U.S. Coast Guard.

appeal, mandamus, or petition for rehearing *en banc* may be taken); *Mass. Lobstermen's Ass'n, Inc. v. Menashes*, 127 F.4th 398, 402 (1st Cir. 2025) ("'[N]othing in 28 C.F.R. § 0.20(b) . . . requires the [Solicitor General] to have authorized the prosecution of an appeal before the filing of the notice of appeal.' . . . Nor does the text of the regulation impose any timing requirements on the S[olicitor] G[eneral] deciding 'whether, and to what extent, appeals will be taken by the Government.'") (citations omitted).

5. The Solicitor General will make this important decision only after thorough review and consultation with multiple affected agencies and components of the government including several layers of review within the affected agencies, the United States Attorney's Office, the Department of Justice's Civil Appellate Section, and attorneys in the Solicitor General's Office. This thoughtful and comprehensive vetting process is critical for all involved in ensuring that the government's decisions about which cases to appeal or not to appeal, and what issues to present in any appeal, are prudent ones.

6. That review process is not complete in this case. As this Court knows, on November 12, 2025, the President signed into law a continuing resolution that—after 43 days of continuous lapse—funded the Department of Justice and thereby authorized Department of Justice attorneys to resume their normal litigation functions. *See* 31 U.S.C. 1342. Although some Department attorneys were authorized to perform limited work under exceptions to the Anti-Deficiency Act, most civil litigation in the Department ceased for six weeks, which has delayed the normal consultation process. In addition, we anticipate that the process

may take longer than usual as a result of the enormous backlog of postponed briefs and other filings that have accumulated during the 43-day lapse in appropriations. The collision of these obligations necessitates the requested extension to permit adequate consultation among personnel in the affected components.

    For these reasons, the Appellants respectfully request that the Court allow this motion and extend the time within which the government must file its docketing statement and transcript report/order form to Wednesday, January 14 2026.

|  |  |
|---|---|
| DATED: December 3, 2025 | Respectfully submitted, |
|  | FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD; DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and KEVIN LUNDAY, in his official capacity as Acting Commandant of the U.S. Coast Guard |
|  | By their Attorneys |
|  | SARA MIRON BLOOM<br>Acting United States Attorney |
| By: | */s/ Kevin Bolan*<br>KEVIN BOLAN<br>Assistant United States Attorney<br>One Financial Plaza, 17th Floor<br>Providence, RI 02903<br>(401) 709-5000<br>kevin.bolan@usdoj.gov |

## Certificate of Service

On this 3d day of December, 2025, I caused this motion to be filed electronically, which served it on counsel who are registered participants of the CM/ECF system, and is available for viewing and downloading from the ECF system.

Dated: December 3, 2025            */s/ Kevin M. Bolan*
                                   Assistant United States Attorney