### UNITED STATES COURT OF APPEALS
### FOR THE FIRST CIRCUIT

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,　　Plaintiffs-Appellees,　　*v.*　　FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*　　Defendants - Appellants. | No. 25-2131 |

**APPELLANTS' MOTION FOR EXTENSION OF TIME
TO FILE APPELLANT'S BRIEF AND APPENDIX**

The Appellants[1] respectfully move this Court to enter an order extending the due date for the Appellants' brief and appendix by an additional 62 days,[2] to **Monday, May 4, 2026.** In support of this motion, the Appellants state the following:

1.　This is the Appellants' appeal from the district court's (Smith, J.) final judgment for the Plaintiffs.

2.　After receiving extensions from the Court through January 14, 2026, the Appellants filed their docketing statement and transcript report/order form on January 14, 2026.

---

[1]　The Appellants are: the Federal Emergency Management Agency; United States Department of Homeland Security; United States Coast Guard; David Richardson, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Kevin Lunday, in his official capacity as Acting Commandant of the U.S. Coast Guard.

[2]　As a 60-day extension would end on a Saturday (May 2, 2026), the government therefore asks for a 62-day extension.

3. This Court then issued a briefing schedule on January 22, 2026. That schedule set Tuesday, March 3, 2026, as the deadline for Appellants' brief and appendix.

4. As this Court is aware, only the Solicitor General of the United States may decide whether, and to what extent, an appeal may be taken. *See* 28 C.F.R. § 0.20(b) (2012) (providing that the Solicitor General must decide whether, and to what extent, an appeal, mandamus, or petition for rehearing *en banc* may be taken); *Mass. Lobstermen's Ass'n, Inc. v. Menashes*, 127 F.4th 398, 402 (1st Cir. 2025) (" '[N]othing in 28 C.F.R. § 0.20(b) . . . requires the [Solicitor General] to have authorized the prosecution of an appeal before the filing of the notice of appeal.' . . . Nor does the text of the regulation impose any timing requirements on the S[olicitor] G[eneral] deciding 'whether, and to what extent, appeals will be taken by the Government.'") (citations omitted).

5. The Solicitor General will make this important decision only after thorough review and consultation with multiple affected agencies and components of the government including several layers of review within the affected agencies, the United States Attorney's Office, the Department of Justice's Civil Division, and attorneys in the Solicitor General's Office. This thoughtful and comprehensive vetting process is critical for all involved in ensuring that the government's decisions about which cases to appeal or not to appeal, and what issues to present in any appeal, are prudent ones.

6. That review process has not yet completed in this case. That review has been delayed, in part, given the lapse in government funding that ended in

November 2025. Before funding was restored, some Department attorneys were authorized to perform limited work under exceptions to the Anti-Deficiency Act, most civil litigation in the Department ceased for six weeks, and the normal consultation process was delayed. The collision of these obligations necessitates the requested extension to permit adequate consultation among personnel in the affected components.

For these reasons, the Appellants respectfully request that the Court allow this motion and extend the time within which the government must file its brief and appendix to Monday, May 4, 2026.

DATED: February 10, 2026

Respectfully submitted,

FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD; DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and KEVIN LUNDAY, in his official capacity as Acting Commandant of the U.S. Coast Guard

By their Attorneys

CHARLES C. CALENDA
United States Attorney

By:   */s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
kevin.bolan@usdoj.gov

## Certificate of Service

On this 10 day of February, 2026, I caused this motion to be filed electronically, which served it on counsel who are registered participants of the CM/ECF system, and is available for viewing and downloading from the ECF system.

Dated: February 10, 2026        */s/ Kevin Bolan*
                                Assistant United States Attorney