# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

STATE OF ILLINOIS, *et al.*,

    Plaintiffs-Appellees,

    *v.*

FEDERAL EMERGENCY
MANAGEMENT AGENCY, *et al.*

    Defendants - Appellants.

No. 25-2131

## APPELLANTS' MOTION FOR EXTENSION OF TIME
## TO FILE APPELLANT'S BRIEF AND APPENDIX

The Appellants respectfully move this Court to enter an order extending the due date for the Appellants' brief and appendix by an additional 58 days, to **Wednesday, September 2, 2026.** In support of this motion, the Appellants state the following:

1.    This is the Appellants' appeal from the district court's (Smith, J.) final judgment for the Plaintiffs.

2.    Appellants filed their docketing statement and transcript report/order form on January 14, 2026.

3.    On February 12, 2026, this Court granted Appellants' previous motion (filed February 10, 2026) to extend until May 4, 2026, the previous deadline that the Court had set (March 3, 2026) for Appellants to file their brief and appendix.

4.    On May 7, 2026, this Court granted Appellants' previous motion (filed April 27, 2026) to extend until July 6, 2026, the previous deadline that the Court had set (May 4, 2026) for Appellants to file their brief and appendix.

5. As this Court is aware, only the Solicitor General of the United States may decide whether, and to what extent, an appeal may be taken. *See* 28 C.F.R. § 0.20(b) (2012) (providing that the Solicitor General must decide whether, and to what extent, an appeal, mandamus, or petition for rehearing *en banc* may be taken); *Mass. Lobstermen's Ass'n, Inc. v. Menashes*, 127 F.4th 398, 402 (1st Cir. 2025) ("'[N]othing in 28 C.F.R. § 0.20(b) . . . requires the [Solicitor General] to have authorized the prosecution of an appeal before the filing of the notice of appeal.' . . . Nor does the text of the regulation impose any timing requirements on the S[olicitor] G[eneral] deciding 'whether, and to what extent, appeals will be taken by the Government.' ") (citations omitted).

6. The Solicitor General will make this important decision only after thorough review and consultation with multiple affected agencies and components of the government including several layers of review within the affected agencies, the United States Attorney's Office, the Department of Justice's Civil Appellate Section, and attorneys in the Solicitor General's Office. This thoughtful and comprehensive vetting process is critical for all involved in ensuring that the government's decisions about which cases to appeal or not to appeal, and what issues to present in any appeal, are prudent ones. That review process has not yet completed in this case due in part to the lapse of funding affecting components of the Department of Homeland Security, as well as staffing changes.

7. Counsel for Appellants, separate from undersigned counsel, conferred with counsel for the Plaintiffs, who reserve the right to oppose the requested relief

and will file any response by the deadline set out in Federal Rule of Appellate Procedure 27(a).

For these reasons, the Appellants respectfully request that the Court allow this motion and extend the time within which the government must file its brief and appendix to Wednesday, September 2, 2026.

DATED: July 6, 2026

Respectfully submitted,

FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD; KAREN S. EVANS, in her official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; MARKWAYNE MULLIN,[1] in his official capacity as Secretary of the Department of Homeland Security; and KEVIN LUNDAY, in his official capacity as Acting Commandant of the U.S. Coast Guard

By their Attorneys

CHARLES C. CALENDA
United States Attorney

By:     */s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
kevin.bolan@usdoj.gov

---

[1]     Both Ms. Evans (for Mr. Richardson) and Mr. Mullin (for Ms. Noem) should be substituted as Appellants under Fed. R. App. P. 43(c)(2).

## Certificate of Service

On this 6th day of July, 2026, I caused this motion to be filed electronically, which served it on counsel who are registered participants of the CM/ECF system, and is available for viewing and downloading from the ECF system.

/s/ Kevin M. Bolan
Assistant United States Attorney